THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50832
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO PEREZ-ZAMORA,
also known as Juan Jose Jimenez-Zamora,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Western District of Texas
(DR-96-CR-263-1)
_____

September 3, 1998

Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Perez-Zamora appeals his conviction of conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, possession with intent to distribute cocaine, and importation of cocaine. He argues that 1) there was insufficient evidence that he had knowledge of the cocaine's presence in his truck, 2) the district court abused its discretion in allowing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence of Perez-Zamora's prior drug conviction, and 3) the admission of evidence regarding his collateral challenge of that conviction and the fact that he was carrying an address book which contained names of drug dealers constituted plain error.

Our review of the record indicates that there was sufficient evidence, in addition to Perez-Zamora's control over the truck, for the jury to conclude that he had knowledge of the truck's secret compartment and the cocaine carried therein. The evidence was sufficient to support his conviction. See United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995).

Perez-Zamora's plea of not guilty to the conspiracy charges and his defense at trial placed at issue the intent and knowledge elements of the offenses. See United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996). Furthermore, the district court gave limiting instructions regarding the jury's consideration of Perez-Zamora's prior conviction. The district court did not abuse its discretion in allowing this evidence. See Broussard, 80 F.3d at 1039-40. Because Perez-Zamora did not object to the admission of the other evidence he challenges on appeal, we review these issues for plain error. See United States v. Mitchell, 31 F.3d 271, 276 (5th Cir. 1994). The record indicates that Perez-Zamora invited the testimony regarding his collateral challenge of his guilty-plea conviction and that he also invited the evidence that his address book contained names of drug dealers. He cannot challenge on appeal that he was prejudiced by such evidence, and the admission of such evidence did not constitute plain error. See United States

2

v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); United

States v. Deisch, 20 F.3d 139, 154 (5th Cir. 1994).

AFFIRMED.[1]

---

[1]     Subsequent to the briefs being filed in this case and the initial circulation of this opinion among the members of this panel, counsel for the defendant-appellant, Frances Cusack, filed a motion to withdraw as counsel because of a conflict of interest. Cusack was initially appointed to represent the defendant-appellant, Juan Jose Perez-Zamora, because there was a conflict of interest precluding his representation by the Federal Public Defender's Office.  In her motion, Cusack advised the court that she is now employed by the Federal Public Defender's Office. Because her brief in this case was filed when there was no conflict of interest and the court considered only the record and briefs when deciding this case, Cusack's motion to withdraw will be granted as of the date this opinion is filed by the Clerk of the Court.  In addition, the Clerk is to send a copy of this opinion to the defendant-appellant, who shall advise the Clerk within ten days if he desires the appointment of new counsel to pursue further his appeal; if so, time for filing a motion for rehearing will be extended and counsel will be appointed to represent the defendant-appellant.